AO 442 (Rev. 11/11) Arrest Warrant

# UNITED STATES DISTRICT COURT

for the

Middle District of Florida

| | |
|---|---|
| United States of America | ) |
| v. | ) |
| | ) Case No. |
| GILBERTO EDUARDO DE LOS RIOS | ) 8:19-CR-388-T-35AEP |
| a/k/a "Kiko" | ) 19-3440 - Jones |
| | ) |
| Defendant | |

## ARREST WARRANT

To:      Any authorized law enforcement officer

YOU ARE COMMANDED to arrest and bring before a United States magistrate judge without unnecessary delay

*(name of person to be arrested)*   GILBERTO EDUARDO DE LOS RIOS, a/k/a "Kiko"

who is accused of an offense or violation based on the following document filed with the court:

☑ Indictment     ☐ Superseding Indictment     ☐ Information     ☐ Superseding Information     ☐ Complaint
☐ Probation Violation Petition     ☐ Supervised Release Violation Petition     ☐ Violation Notice     ☐ Order of the Court

This offense is briefly described as follows:

Conspiring to defraud the United States, make false statements to federal law enforcement officers, and endeavor to
influence, obstruct, and impede the due administration of justice in a pending judicial proceeding.

All in violation of 18 U.S.C. § 371, 18 U.S.C. § 1503, and 18 U.S.C. § 1001(a)(2)

Date: 9/3/19

City and state:   Tampa, Florida

_Issuing officer's signature_

ELIZABETH WARREN, Clerk, United States District Court
_Printed name and title_

| Return | | |
|---|---|---|
| This warrant was received on *(date)* _____, and the person was arrested on *(date)* _____ | | |
| at *(city and state)* _____ | | |
| Date: _____ | _Arresting officer's signature_ | |
| | _Printed name and title_ | |



UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED STATES OF AMERICA

v.

Case No. 8:19cr358 T35AEP

NELSON ISRAEL ALFARO
and
GILBERTO EDUARDO DE LOS RIOS
a/k/a "Kiko"

18 U.S.C. § 371
18 U.S.C. § 1001(a)(2)
18 U.S.C. § 1503(a)



**INDICTMENT**

The Grand Jury charges:

**GENERAL ALLEGATIONS**

At all times material to this Indictment:

**A.   The Defendants**

1.      Defendant NELSON ISRAEL ALFARO (hereinafter

"ALFARO") was an attorney licensed to practice law in the State of Florida.

ALFARO represented criminal defendants in state and federal courts,

including the United States District Court for the Middle District of Florida.

2.      Between 2010 and 2011, ALFARO represented defendant

GILBERTO EDUARDO DE LOS RIOS, a/k/a "Kiko" (hereinafter "DE

LOS RIOS"), in a criminal case in Miami-Dade County, Florida.

**B.**   **Substantial Assistance Motions and Sentence Reductions**

3.      Section 5K1.1 of the United States Sentencing Guidelines ("5K1.1") and Rule 35 of the Federal Rules of Criminal Procedure ("Rule 35") set forth the procedures by which a United States District Court could reduce a federal defendant's sentence for providing substantial assistance to the United States.   In particular, 5K1.1 authorized the United States to file a *pre-sentence* motion to reduce the defendant's sentencing guidelines range if the defendant provided substantial assistance in the investigation or prosecution of another person.   Typically, a decrease in a defendant's sentencing guidelines range resulted in a reduced sentence for the defendant.   Rule 35, on the other hand, authorized the United States to file a *post-sentence* motion to reduce a defendant's sentence for providing substantial assistance to the United States in the investigation or prosecution of another person.

4.      The United States Attorney's Office for the Middle District of Florida (hereinafter the "USAO MDFL")—the federal prosecuting authority in the Middle District of Florida—had the authority to determine whether a defendant provided substantial assistance to the United States and whether to file a motion to reduce the defendant's sentence pursuant to 5K1.1 or Rule 35. Typically, before filing a 5K1.1 or Rule 35 motion to reduce a defendant's sentence, the USAO MDFL required the defendant to personally provide

2

substantial assistance to the United States in its investigation or prosecution of

another person for committing a crime.   Accordingly, in the usual case, a

defendant would personally provide substantial assistance to the United States

and, as a reward for that assistance, the USAO MDFL would file a 5K1.1 or

Rule 35 motion with the United States District Court for the Middle District

of Florida (hereinafter the "U.S. District Court") to reduce the defendant's

sentence.

     5.     With the approval of the USAO MDFL, however, a defendant

could earn substantial assistance credit through the use of a third-party

cooperator.   Third-party cooperation was different from typical cooperation

efforts because the defendant was not personally involved in providing

substantial assistance to the United States.   Instead, another person, referred

to as the "third-party cooperator," assisted the United States on behalf of the

defendant.   Usually, a third-party cooperator was a spouse, girlfriend,

boyfriend, close friend, or family member of the defendant.   In exchange for

substantial assistance provided by the third-party cooperator for the benefit of

the defendant, the USAO MDFL would file a 5K1.1 or Rule 35 motion with

the U.S. District Court to reduce the defendant's sentence.   If the USAO

MDFL discovered that there was no legitimate relationship between the

defendant and the third-party cooperator, the USAO MDFL would not

authorize the third-party cooperation effort or give the defendant any credit for that effort.

6.      Pursuant to the USAO MDFL's policy, the third-party cooperator could not receive any personal benefit for providing substantial assistance to the United States.   For example, the United States would not pay a fee to, reduce the prison sentence of, decline to charge, or drop charges against the third-party cooperator.   Rather, the defendant received the benefit for the substantial assistance provided by the third-party cooperator. Pursuant to the USAO MDFL's policy, the use of a third-party cooperator would not be authorized if the defendant or someone acting on the defendant's behalf paid or promised to pay the third-party cooperator for his assistance.   If the USAO MDFL discovered that a third-party cooperator had been paid a fee or promised payment of a fee for his efforts to earn a 5K1.1 or Rule 35 sentence reduction for a particular defendant, the USAO MDFL would refuse to file a substantial assistance motion for that defendant.

7.      Without the filing of a 5K1.1 motion by the USAO MDFL, the U.S. District Court did not have the authority to depart downward from a defendant's sentencing guidelines range based on substantial assistance, and without the filing of a Rule 35 motion by the USAO MDFL, the U.S. District Court did not have the authority to reduce a defendant's sentence based on

4

substantial assistance to the United States.

## C.   The Substantial Assistance Scam

8.     In early 2017, a federal grand jury in the Middle District of
Florida returned an Indictment alleging violations of federal drug laws against
a person known to the United States, but referred to herein as the "Federal
Defendant."   A U.S. Magistrate Judge ordered the Federal Defendant
detained pending the outcome of his federal drug case.

9.     While housed at a local jail in the Middle District of Florida and
months before his sentencing hearing, the Federal Defendant began
communicating with ALFARO about the possibility of obtaining a reduction
in his anticipated prison sentence.   In particular, ALFARO offered, for a fee
of approximately $80,000, to help the Federal Defendant obtain substantial
assistance credit with the United States, thereby justifying a reduction in his
anticipated prison sentence.   To achieve this sentence reduction for the
Federal Defendant, ALFARO concocted a plan to purchase information that
would be of interest to law enforcement, which the Federal Defendant could
use for cooperation credit.   According to ALFARO, he would charge the
Federal Defendant $50,000 as ALFARO's personal fee for this effort and an
additional $30,000 to pay for the information that would earn the Federal
Defendant substantial assistance credit.   ALFARO's proposed non-legal

services would require him to enlist the aid of another person known to him, but unknown to the Federal Defendant or the Federal Defendant's close friends and family—DE LOS RIOS.

10.     In September 2017, to further this substantial assistance scam, ALFARO advised the Federal Bureau of Investigation ("FBI") about an unnamed Source of Information (the "Source") who could provide information about a drug dealer in South Florida.   In fact, DE LOS RIOS was the Source.   ALFARO's initial plan was to pass information from the Source to the FBI, attributing the Source's willingness to cooperate with law enforcement on a fictitious relationship between the Source, the Federal Defendant, and the Federal Defendant's girlfriend.

11.     Over time, ALFARO's plan transformed into a plot to earn the Federal Defendant substantial assistance credit by having DE LOS RIOS serve as a third-party cooperator for the Federal Defendant.   DE LOS RIOS, however, had no connection to the Federal Defendant.   ALFARO knew the USAO MDFL would not approve a third-party cooperator who had no connection to the Federal Defendant.   As a result, ALFARO invented a story explaining the purported connection between DE LOS RIOS, the Federal Defendant, and the Federal Defendant's girlfriend.   In particular, ALFARO falsely represented to the FBI on multiple occasions that DE LOS RIOS—

6

who, at the time, ALFARO was referring to as the Source—had previously dated the Federal Defendant's girlfriend.   ALFARO falsely claimed that DE LOS RIOS and the Federal Defendant's girlfriend lost touch, but then re-established contact after the Federal Defendant was charged in his federal drug case.   ALFARO's story was a complete fiction.

12.   To entice DE LOS RIOS to assist the Federal Defendant in his effort to earn substantial assistance credit, and a reduction in his prison sentence, ALFARO promised to pay, and did in fact pay, DE LOS RIOS for providing information about a Miami drug dealer and agreeing to serve as a third-party cooperator.   ALFARO and DE LOS RIOS, however, knew the USAO MDFL would not accept a third-party cooperator who was being paid by ALFARO, or anyone acting on ALFARO's behalf, to serve as a third-party cooperator.

13.   On or about October 31, 2018, ALFARO and DE LOS RIOS met with a special agent of the FBI in Tampa, Florida.   The purpose of the meeting was to fill out a "Third-Party Cooperator Application" for the Federal Defendant's case.   The introduction to the application explained:

> Pursuant to Rule 35 of the Federal Rules of Criminal Procedure and Section 5K1.1 of the United States Sentencing Guidelines, the United States may file a motion to reduce a defendant's sentence based on the defendant's substantial assistance to law enforcement. Typically, a defendant is expected to personally provide substantial assistance to law enforcement to

earn cooperation credit. In limited circumstances, however, the
United States may authorize a person to serve as a third-party
cooperator for a defendant. When authorized by the United
States, a third-party cooperator may work with law enforcement
to earn substantial assistance credit for a defendant, thereby
leading to a sentence reduction for the defendant.

*To ensure that the relationship between the defendant and the
third-party cooperator is legitimate, and that the third-party cooperator is
working solely to earn cooperation credit for the defendant,* the third-
party cooperator applicant hereby makes the following
representations to the United States (type or print legibly)[.]

(Emphasis added).

14.     ALFARO completed the "Third-Party Cooperator Application"

by hand.   DE LOS RIOS affirmed the answers on the application.   The

application listed DE LOS RIOS as the proposed third-party cooperator and

the Federal Defendant as the person on whose behalf the third-party

cooperator was agreeing to cooperate.

(a)     Question #3 of the application asked: "Describe the nature

of the relationship between the Defendant and the Third-Party Cooperator (for

example, family member, close friend, acquaintance, criminal associate,

etc.)?"   ALFARO and DE LOS RIOS falsely answered that DE LOS RIOS

was a close friend of the Federal Defendant's girlfriend, who they referred to

in the application as the Federal Defendant's wife.

(b)     Question #4 of the application asked: "Identify the

person(s) who recruited the Third-Party Cooperator to assist law enforcement

8

on behalf of the Defendant, and describe the Third-Party Cooperator's relationship with such person(s)."   ALFARO and DE LOS RIOS falsely answered that the Federal Defendant's girlfriend, referred to as his wife, was a close friend of DE LOS RIOS and recruited him to serve as a third-party cooperator for the Federal Defendant.

   (c) Question #8 of the application asked: "Is the Third-Party Cooperator assisting law enforcement solely to earn cooperation credit for the Defendant?"   ALFARO and DE LOS RIOS checked the box answering this question "No," which they knew was false.

   (d) Question #9 of the application asked: "Has the Third-Party Cooperator received, directly or indirectly, any money, real property, item of value (for example, jewelry, vehicles, boats, drugs, firearms, electronics, or stocks), or any other benefit (for example, debt forgiveness or interest in a business) from the Defendant or any other person for serving as or agreeing to serve as a Third-Party Cooperator for the Defendant?"   ALFARO and DE LOS RIOS checked the box answering this question "No," which they knew was false.

   (e) Questioned #11 of the application asked: Does the Third-Party Cooperator expect to receive, or has anyone agreed or promised to give the Third-Party Cooperator, now or at some time in the future, any money,

real property, item of value (for example, jewelry, vehicles, boats, drugs,

firearms, electronics, or stocks) or any other benefit (for example, debt

forgiveness or interest in a business) for serving as or agreeing to serve as a

Third-Party Cooperator for the Defendant?"   ALFARO and DE LOS RIOS

checked the box answering this question "No," knowing that this was false.

    15.   At the end of the "Third-Party Cooperator Application," directly

above the signature line for the third-party cooperator applicant (in this case,

DE LOS RIOS), it warned:

> The representations contained in this Third-Party
> Cooperation Application are material to the United States'
> decision to approve or deny the request of the applicant to serve
> as a Third-Party Cooperator. The use of the applicant as a Third-
> Party Cooperator may ultimately lead the United States to file a
> Rule 35 Motion or 5K1.1 Motion for the Defendant, and a
> United States District Judge may rely upon the United States'
> motion to reduce the Defendant's sentence.

Both DE LOS RIOS and ALFARO signed the "Third-Party Cooperator

Application," affirming that all of the information contained therein was true

and correct, while knowing they had made multiple false representations on

the application.

    16.   To convince the FBI and the USAO MDFL to accept DE LOS

RIOS as a third-party cooperator for the Federal Defendant, both ALFARO

and DE LOS RIOS falsely represented to the FBI that DE LOS RIOS was a

friend of the Federal Defendant's girlfriend and that DE LOS RIOS had not

been paid or promised any future payment.   By trying to convince the USAO

MDFL to file a 5K1.1 or Rule 35 motion for the Federal Defendant under

false and fraudulent pretenses, ALFARO's and DE LOS RIOS's ultimate goal

was to defraud the U.S. District Court into granting that substantial assistance

motion and reducing the Federal Defendant's prison sentence.

**COUNT ONE**
**(Conspiracy)**

**A.    Introduction**

1.    The Grand Jury hereby re-alleges and incorporates by reference

the "General Allegations" of this Indictment as if fully set forth herein.

**B.    The Conspiracy**

2.    Beginning on an unknown date, but no later than in or around

August 2017, and continuing through on or about August 23, 2019, in the

Middle District of Florida, and elsewhere, the defendants,

NELSON ISRAEL ALFARO
and
GILBERTO EDUARDO DE LOS RIOS
a/k/a "Kiko,"

did unlawfully, willfully, and knowingly combine, conspire, confederate, and

agree with each other to:

a.    defraud the United States for the purpose of impeding,

impairing, obstructing, and defeating—through deceit, craft, trickery, and

11

dishonest means—the lawful governmental functions of the United States, that is the United States Attorney's Office for the Middle District of Florida in determining whether to file a 5K1.1 or Rule 35 motion to reduce the Federal Defendant's prison sentence, or anticipated prison sentence, based on substantial assistance provided by a third-party cooperator, and the United States District Court for the Middle District of Florida in deciding whether to grant a 5K1.1 or Rule 35 motion to reduce the Federal Defendant's prison sentence or anticipated prison sentence; and

       b.    commit the following offenses against the United States:

          i.    knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, the Federal Bureau of Investigation, in violation of 18 U.S.C. § 1001(a)(2); and

          ii.    knowingly and corruptly endeavor to influence, obstruct, and impede the due administration of justice in a pending judicial proceeding in the United States District Court for the Middle District of Florida, in violation of 18 U.S.C. § 1503(a).

### C.   Manner and Means of the Conspiracy

3.     The manner and means by which the conspirators sought to accomplish the objects of the conspiracy included the following:

a.     It was a part of the conspiracy that ALFARO would and did offer the Federal Defendant the opportunity to purchase information that could be used to earn the Federal Defendant substantial assistance credit to reduce his anticipated prison sentence;

b.     It was a further part of the conspiracy that ALFARO would and did charge the Federal Defendant a significant fee to obtain information that could be falsely attributed to the Federal Defendant for purposes of earning substantial assistance credit;

c.     It was a further part of the conspiracy that ALFARO would and did meet on multiple occasions with a purported associate of the Federal Defendant to collect the fee for this substantial assistance effort;

d.     It was a further part of the conspiracy that ALFARO would and did enlist DE LOS RIOS to serve as a source of information for the Federal Defendant's substantial assistance effort;

e.     It was a further part of the conspiracy that ALFARO would and did promise to pay, and did in fact pay, a fee of approximately $25,000 to $30,000 to DE LOS RIOS to provide information about a South

13

Florida drug trafficker in an attempt to earn substantial assistance credit for the Federal Defendant;

f.   It was a further part of the conspiracy that ALFARO would and did falsely represent to the FBI that the information about the South Florida drug trafficker came from a source of information associated with the Federal Defendant;

g.   It was a further part of the conspiracy that ALFARO would and did falsely represent to the FBI that the source of information was willing to share intelligence about this South Florida drug trafficker based on his prior relationship with the Federal Defendant's girlfriend;

h.   It was a further part of the conspiracy that ALFARO would and did enlist DE LOS RIOS to serve as a third-party cooperator for the Federal Defendant when their plan to have DE LOS RIOS merely serve as a source of information failed;

i.   It was a further part of the conspiracy that ALFARO would and did concoct a fictitious relationship between the Federal Defendant's girlfriend and DE LOS RIOS (1) to convince the FBI and USAO MDFL to accept DE LOS RIOS as a third-party cooperator for the Federal Defendant, and (2) to conceal from the FBI, USAO MDFL, and the U.S. District Court the fact that DE LOS RIOS's only motivation to help the

Federal Defendant was the money he received or expected to receive from ALFARO;

      j.     It was a further part of the conspiracy that ALFARO would and did coach both the Federal Defendant's girlfriend and DE LOS RIOS to conceal from the FBI the fact that the Federal Defendant's girlfriend and DE LOS RIOS had no relationship prior to this substantial assistance ruse;

      k.     It was a further part of the conspiracy that ALFARO would and did falsely represent to the FBI that no one had agreed or promised to pay DE LOS RIOS any money for serving as a third-party cooperator for the Federal Defendant;

      l.     It was a further part of the conspiracy that DE LOS RIOS would and did lie to the FBI about not receiving any money and not expecting to receive any money for serving as a third-party cooperator for the Federal Defendant;

      m.     It was a further part of the conspiracy that ALFARO and DE LOS RIOS would and did make materially false and fraudulent statements to the FBI and the USAO MDFL on the "Third-Party Cooperator Application" that ALFARO completed for the Federal Defendant's benefit;

15

n.      It was a further part of the conspiracy that ALFARO would and did direct the Federal Defendant's girlfriend to conceal from the FBI that DE LOS RIOS had been paid for serving as a third-party cooperator for the Federal Defendant;

o.      It was a further part of the conspiracy that ALFARO and DE LOS RIOS would and did make false and fraudulent representations to the FBI about the connection between DE LOS RIOS, the Federal Defendant, and the Federal Defendant's girlfriend; and

p.      It was a further part of the conspiracy that conspirators would and did misrepresent, conceal, and hide, and cause to be misrepresented, concealed, and hidden, the purpose of acts done in furtherance of the conspiracy.

### D.   Overt Acts

4.      In furtherance of the conspiracy and to effectuate the objects thereof, the following overt acts, among others, were committed within the Middle District of Florida, and elsewhere:

a.      Between August 2017 and August 2019, ALFARO paid DE LOS RIOS approximately $25,000 to $30,000 in cash to act as a source of information and a third-party cooperator for the Federal Defendant.

     b.    In or around August 2017, DE LOS RIOS provided ALFARO with information about a South Florida drug trafficker as part of their ploy to earn substantial assistance credit for the Federal Defendant.

     c.    On or about September 5, 2017, ALFARO sent an email to an FBI special agent in Tampa, Florida, in which ALFARO falsely and fraudulently represented that the Federal Defendant had advised ALFARO of a "South Florida Cocaine Distribution network," and could provide, through an anonymous source, "information related to a South Florida based cocaine dealer and network."

     d.    On or about October 26, 2017, ALFARO met with the Federal Defendant at a local jail in the Middle District of Florida and suggested that the Federal Defendant ask his "money person" to bring the next installment of funds, and some additional funds, for the substantial assistance effort, so "when [it] is needed to pay for intelligence it will be managed."

     e.    On or about November 15, 2017, ALFARO sent an email to an FBI special agent in Tampa, Florida, which falsely stated that the Federal defendant "has identified a source of information with knowledge of a dealer that sells street and wholesale quantities of cocaine in the Miami area."

f.      On or about November 22, 2017, ALFARO falsely represented to an FBI special agent in Tampa, Florida that the Federal Defendant's source of information—referring to DE LOS RIOS—had not been paid, that he had a prior relationship with the Federal Defendant's girlfriend, and that it was the girlfriend who put ALFARO in touch with the source.

g.      On or about May 17, 2018, ALFARO had a telephone conversation with the Federal Defendant's girlfriend in which he requested $6,000 from her for the substantial assistance effort and reiterated that they needed to claim the Federal Defendant's girlfriend and the source of information—referring to DE LOS RIOS—were friends.

h.      On or about September 25, 2018, ALFARO disclosed to an FBI special agent in Tampa, Florida that DE LOS RIOS was the source of information and stated that ALFARO was "100% clear" on DE LOS RIOS not being able to receive any financial compensation for his assistance.

i.      On or about October 31, 2018, ALFARO and DE LOS RIOS met with an FBI special agent and a task force officer in Tampa, Florida and completed the "Third-Party Cooperator Application" related to the Federal Defendant's case, knowing that the completed application would be forwarded to the USAO MDFL for review and approval.

j.      On or about November 1, 2018, ALFARO wrote a $500

check from his Wells Fargo Bank account ending in x7149 to DE LOS RIOS

for "Travel Expenses" related to the substantial assistance effort for the

Federal Defendant.

k.      On or about February 2, 2019, ALFARO called the

Federal Defendant's girlfriend on the telephone and told her to refer to DE

LOS RIOS as "Kiko" and be ready for the possibility of being contacted by

federal agents about DE LOS RIOS; ALFARO also made certain that the

Federal Defendant's girlfriend was aware of DE LOS RIOS's pistol tattoo on

his stomach in case agents questioned the veracity of her relationship with DE

LOS RIOS.

l.      On or about February 7, 2019, DE LOS RIOS met with an

FBI Special agent in Miami, Florida to conduct a recorded telephone call with

a suspected drug trafficker, in furtherance of the substantial assistance effort

for the Federal Defendant.

m.      On or about March 18, 2019, ALFARO had a telephone

conversation with the Federal Defendant's girlfriend and warned her that DE

LOS RIOS might have to call her in front of the FBI agents; ALFARO wanted

to ensure that she recognized DE LOS RIOS's voice, and vice versa;

ALFARO also reiterated that the Federal Defendant's girlfriend should tell the

agents she knew DE LOS RIOS because of a prior relationship with him.

n.      On or about April 1, 2019, DE LOS RIOS called the Federal Defendant's girlfriend on the telephone to introduce himself for the first time; DE LOS RIOS warned the Federal Defendant's girlfriend that he might have to call her with the federal agents around, so she should pretend they had not spoken in a while.

o.      On or about April 19, 2019, DE LOS RIOS called the Federal Defendant's girlfriend on the telephone and warned her that the agents were going to call her; DE LOS RIOS again instructed her to pretend they had not spoken in a while.

p.      On or about April 22, 2019, ALFARO called the Federal Defendant's girlfriend on the telephone and coached her to tell the FBI that she used to have a relationship with DE LOS RIOS and that she had asked for his assistance when the Federal Defendant got in trouble.

q.      On or about April 22, 2019, DE LOS RIOS called the Federal Defendant's girlfriend on the telephone and instructed her to tell the agents they met in Miami and that DE LOS RIOS was not getting paid to help the Federal Defendant.

r.      On or about April 22, 2019, during a telephone conversation, ALFARO instructed the Federal Defendant's girlfriend to tell

the agents that DE LOS RIOS was assisting in the Federal Defendant's cooperation effort out of friendship, and not to mention that DE LOS RIOS was getting paid.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Endeavoring to Influence, Obstruct, or Impede the Due Administration of Justice)

1.      The Grand Jury hereby re-alleges and incorporates by reference the "General Allegations" and Paragraphs 3 and 4 of Count One of this Indictment as if fully set forth herein.

2.      Beginning on an unknown date, but from as early as in or around June 2017 and continuing through on or about August 23, 2019, in the Middle District of Florida, and elsewhere, the defendant,

NELSON ISRAEL ALFARO,

did knowingly and corruptly endeavor to influence, obstruct and impede the due administration of justice, and willfully aid, abet, counsel, command, induce, procure and cause defendant GILBERTO EDUARDO DE LOS RIOS to endeavor to influence, obstruct, and impede the due administration of justice, in a federal drug case pending in the United States District Court for the Middle District of Florida, by (a) making payments to and promising to pay DE LOS RIOS to serve as a source of information and third-party

21

the agents that DE LOS RIOS was assisting in the Federal Defendant's cooperation effort out of friendship, and not to mention that DE LOS RIOS was getting paid.

All in violation of 18 U.S.C. § 371.

## COUNT TWO
### (Endeavoring to Influence, Obstruct, or Impede the Due Administration of Justice)

1.       The Grand Jury hereby re-alleges and incorporates by reference the "General Allegations" and Paragraphs 3 and 4 of Count One of this Indictment as if fully set forth herein.

2.       Beginning on an unknown date, but from as early as in or around June 2017 and continuing through on or about August 23, 2019, in the Middle District of Florida, and elsewhere, the defendant,

NELSON ISRAEL ALFARO,

did knowingly and corruptly endeavor to influence, obstruct and impede the due administration of justice, and willfully aid, abet, counsel, command, induce, procure and cause defendant GILBERTO EDUARDO DE LOS RIOS to endeavor to influence, obstruct, and impede the due administration of justice, in a federal drug case pending in the United States District Court for the Middle District of Florida, by (a) making payments to and promising to pay DE LOS RIOS to serve as a source of information and third-party

cooperator for the Federal Defendant, and concealing those payments from the Federal Bureau of Investigation and the U.S. Attorney's Office for the Middle District of Florida, and (b) concocting a fictitious relationship between DE LOS RIOS and the Federal Defendant's girlfriend, to convince the U.S. District Court to accept DE LOS RIOS's cooperation with law enforcement as third-party cooperation worthy of awarding substantial assistance credit to the Federal Defendant.

In violation of 18 U.S.C. §§ 1503 and 2.

<u>**COUNT THREE**</u>
**(False Statements to a Federal Law Enforcement Officer)**

1.      The Grand Jury hereby re-alleges and incorporates by reference the "General Allegations" of this Indictment as if fully set forth herein.

2.      On or about September 5, 2017, in the Middle District of Florida, and elsewhere, the defendant,

NELSON ISRAEL ALFARO,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, defendant NELSON ISRAEL ALFARO falsely stated in an email sent to a Special Agent with the Federal Bureau of Investigation in Tampa, Florida, that the Federal Defendant had advised ALFARO of and could provide the FBI with

22

information about a South Florida based cocaine dealer and network, when,

in fact, the Federal Defendant had not advised ALFARO of and could not

provide information about any such targets and, in truth, ALFARO was

merely trying to falsely attribute this information to the Federal Defendant in

hopes of ultimately obtaining substantial assistance credit and a sentence

reduction for him.

In violation of 18 U.S.C. § 1001(a)(2).

## COUNT FOUR
### (False Statements to a Federal Law Enforcement Officer)

1.      The Grand Jury hereby re-alleges and incorporates by reference

the "General Allegations" of this Indictment as if fully set forth herein.

2.      On or about November 15, 2017, in the Middle District of

Florida, and elsewhere, the defendant,

NELSON ISRAEL ALFARO,

did knowingly and willfully make materially false, fictitious, and fraudulent

statements and representations in a matter within the jurisdiction of the

executive branch of the Government of the United States, that is, defendant

NELSON ISRAEL ALFARO falsely stated in an email sent to a Special

Agent with the Federal Bureau of Investigation in Tampa, Florida, that the

Federal Defendant had "identified a source of information with knowledge of

a dealer that sells street and wholesale quantities of cocaine in the Miami

23

area[,]" when, in fact, the Federal Defendant had not identified any such source of information, and, in truth, ALFARO had a personal relationship with and obtained this intelligence from the source of information; ALFARO's material misrepresentations were designed to falsely and fraudulently attribute information to the Federal Defendant in hopes of ultimately obtaining substantial assistance credit and a sentence reduction for him.

In violation of 18 U.S.C. § 1001(a)(2).

## COUNT FIVE
**(False Statements to a Federal Law Enforcement Officer)**

1.      The Grand Jury hereby re-alleges and incorporates by reference the "General Allegations" of this Indictment as if fully set forth herein.

2.      On or about November 22, 2017, in the Middle District of Florida, and elsewhere, the defendant,

NELSON ISRAEL ALFARO,

did knowingly and willfully make materially false, fictitious, and fraudulent statements and representations in a matter within the jurisdiction of the executive branch of the Government of the United States, that is, defendant NELSON ISRAEL ALFARO falsely represented in a telephone call with a Special Agent of the Federal Bureau of Investigation located in Tampa, Florida, that:

(a) the Source of Information—referring to co-defendant GILBERTO EDUARDO DE LOS RIOS—was not getting paid by ALFARO or the Federal Defendant,

(b) the Source of Information (DE LOS RIOS) and the Federal Defendant knew each other because the Source of Information and the Federal Defendant's girlfriend had a prior relationship,

(c) the Source of Information (DE LOS RIOS) was motivated by friendship to help the Federal Defendant in his cooperation effort, and

(d) the Federal Defendant's girlfriend introduced ALFARO to the Source of Information (DE LOS RIOS),

when, in truth and in fact, as ALFARO knew:

(a) ALFARO had already paid a fee to the Source of Information (DE LOS RIOS) for assisting the Federal Defendant in his cooperation effort,

(b) DE LOS RIOS did not know the Federal Defendant or the Federal Defendant's girlfriend,

(c) DE LOS RIOS's sole motivation to help the Federal Defendant was money, and

(d) the Federal Defendant's girlfriend did not introduce ALFARO to DE LOS RIOS; rather, ALFARO knew DE LOS RIOS because he had previously represented DE LOS RIOS in a criminal case in 2010 and 2011.

In violation of 18 U.S.C. § 1001(a)(2).

25

## COUNT SIX
### (Endeavoring to Influence, Obstruct, or Impede the Due Administration of Justice)

1.     The Grand Jury hereby re-alleges and incorporates by reference the "General Allegations" and Paragraphs 3 and 4 of Count One of this Indictment as if fully set forth herein.

2.     Beginning on an unknown date, but as early as in or around August 2017 and continuing through on or about August 23, 2019, in the Middle District of Florida, and elsewhere, the defendant,

GILBERTO EDUARDO DE LOS RIOS<br>a/k/a "Kiko,"

did knowingly and corruptly endeavor to influence, obstruct, and impede the due administration of justice in a federal drug case pending in the United States District Court for the Middle District of Florida, by (a) soliciting and receiving money to serve as a third-party cooperator for the Federal Defendant; (b) concealing those payments from the Federal Bureau of Investigation; (c) making false statements to the FBI about his relationship with the Federal Defendant and the Federal Defendant's girlfriend; and (d) falsely representing in an application entitled "Third-Party Cooperator Application," (i) the nature of his relationship with the Federal Defendant, (ii) the person who recruited him to serve as a third-party cooperator, (iii) his motivation for assisting the Federal Defendant, and (iv) that he had not

26

received any money and that no one promised to pay him for serving as a

third-party cooperator for the Federal Defendant; knowing the U.S. District

Court's decision to grant the Federal Defendant substantial assistance credit

based on third-party cooperation depended, in large measure, on its

acceptance of DE LOS RIOS as a legitimate third-party cooperator for the

Federal Defendant.

In violation of 18 U.S.C. §§ 1503 and 2.

## COUNT SEVEN
### (False Statements to a Federal Law Enforcement Officer)

1.     The Grand Jury hereby re-alleges and incorporates by reference

the "General Allegations" of this Indictment as if fully set forth herein.

2.     On or about October 31, 2018, in the Middle District of Florida,

and elsewhere, the defendants,

NELSON ISRAEL ALFARO
and
GILBERTO EDUARDO DE LOS RIOS
a/k/a "Kiko,"

did knowingly and willfully make, and aid and abet each other in the making

of, materially false, fictitious, and fraudulent statements and representations in

a matter within the jurisdiction of the executive branch of the Government of

the United States, that is, the defendants falsely represented in a document

entitled "Third-Party Cooperator Application," submitted to a Special Agent

27

with the Federal Bureau of Investigation in Tampa, Florida and intended for

the U.S. Attorney's Office for the Middle District of Florida, that:

(a) in response to <u>Question #3</u> of the application, the relationship between the Federal Defendant and DE LOS RIOS—as the third-party cooperator applicant—was based on DE LOS RIOS being a "close friend of Defendant's wife";

(b) in response to <u>Question #4</u> of the application, the Federal Defendant's spouse recruited DE LOS RIOS—as the third-party cooperator applicant—to assist law enforcement on behalf of the Federal Defendant;

(c) in response to <u>Question #8</u> of the application, DE LOS RIOS—as the third-party cooperator applicant—was assisting law enforcement solely to earn cooperation credit for the Federal Defendant;

(d) in response to <u>Question #9</u> of the application, DE LOS RIOS—as the third-party cooperator applicant—had not received any money from any person for serving as or agreeing to serve as a third-party cooperator for the Federal Defendant; and

(e) in response to <u>Question #11</u> of the application, DE LOS RIOS—as the third-party cooperator applicant—did not expect to receive and no one had agreed or promised to give DE LOS RIOS any money for serving as or agreeing to serve as a third-party cooperator for the Federal Defendant,

when, in truth and in fact, as the defendants knew:

(a) the Federal Defendant and the Federal Defendant's girlfriend—referred to in the application as the Federal Defendant's wife—had no prior relationship with DE LOS RIOS; rather, ALFARO and DE LOS RIOS knew each other since 2010 when ALFARO represented DE LOS RIOS in a criminal case in Miami-Dade County, Florida;

(b) ALFARO, not the Federal Defendant's girlfriend, recruited DE LOS RIOS to serve as a third-party cooperator for the Federal Defendant;

    (c) DE LOS RIOS was willing to serve as a third-party cooperator for the Federal Defendant because DE LOS RIOS expected to be paid, not because he cared about earning cooperation credit for the Federal Defendant;

    (d) DE LOS RIOS had already received money from ALFARO to serve as a third-party cooperator for the Federal Defendant; and

    (e) ALFARO agreed and promised to pay DE LOS RIOS to serve as a third-party cooperator for the Federal Defendant.

In violation of 18 U.S.C. § 1001(a)(2).

## FORFEITURES

1.    The allegations contained in Counts One, Two, and Six of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c).

2.    From their engagement in the violations alleged in Counts One, Two, and Six of this Indictment, involving a conspiracy to obstruct justice in violation of Title 18, United States Code, Sections 371 and 1503, and obstruction of the administration of justice, in violation of Title 18, United States Code, Section 1503, the defendants,

NELSON ISRAEL ALFARO
and
GILBERTO EDUARDO DE LOS RIOS
a/k/a "Kiko,"

shall forfeit to the United States of America, pursuant to Title 18, United

29

States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461(c), all of their interest in any property constituting or derived from proceeds the defendants obtained directly or indirectly as a result of such conspiracy, including, but not limited to, a forfeiture money judgment in the amount of $70,000.00, which represents the amount of proceeds obtained as a result of such offense.

3.     If any of the property described in paragraph 2 above, as a result of any act or omission of the defendants:

        a.     cannot be located upon the exercise of due diligence;

        b.     has been transferred or sold to, or deposited with, a third party;

        c.     has been placed beyond the jurisdiction of the court;

        d.     has been substantially diminished in value; or

        e.     has been commingled with other property which cannot be divided without difficulty,

the United States shall be entitled to forfeiture of substitute property under the provisions of Title 21, United States Code, Section 853(p), as incorporated by Title 28, United States Code, Section 2461(c).

A TRUE BILL

FOREPERSON

KARIN B. HOPPMANN
Attorney for the United States,
Acting Under Authority Conferred
By 28 U.S.C. § 515

By: _____
Simon A. Gaugush
Assistant United States Attorney
Deputy Chief, Criminal Division

By: _____
Josephine W. Thomas
Assistant United States Attorney
Chief, Criminal Division

31

FORM OBD-34
August 19                                          No.

# UNITED STATES DISTRICT COURT
## Middle District of Florida
## Tampa Division

THE UNITED STATES OF AMERICA

vs.

NELSON ISRAEL ALFARO, and
GILBERTO EDUARDO DE LOS RIOS
a/k/a "Kiko"

## INDICTMENT

Violations: 18 U.S.C. § 371, 18 U.S.C. § 1001(a)(2), and 18 U.S.C. § 1503

A true bill.

_____
Foreperson

Filed in open court this 29th day of August, 2019.

_____
Clerk

Bail $_____